IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| CALVIN D. ELIZARES | Civil No. 16-00580 HG-RLP |
| Petitioner, | |
| vs. | |
| JOSEPH TAYLOR, | |
| Respondent. | |

**ORDER DENYING, IN PART, AND DISMISSING, IN PART, PETITIONER CALVIN D. ELIZARES' FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b) MOTION FOR RELIEF FROM A FINAL JUDGMENT, ORDER OR PROCEEDING (ECF No. 1)**

Petitioner Calvin D. Elizares has filed a Motion that seeks review of the Court's July 12, 2007 Order Adopting the Amended Findings and Recommendation of the Magistrate Judge to Deny Petitioner's Habeas Corpus Motion filed pursuant to 28 U.S.C. § 2254 in Civ. No. 06-00465 HG-BMK.

Petitioner's FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b) MOTION FOR RELIEF FROM A FINAL JUDGMENT, ORDER OR PROCEEDING (ECF No. 64) is **DENIED, IN PART, AND DISMISSED, IN PART.**

## BACKGROUND/PROCEDURAL HISTORY

**HAWAII STATE COURT PROCEEDINGS**

On April 24, 2000, a jury returned a verdict in Hawaii state

1

court, finding Petitioner Calvin D. Elizares guilty of:

(1)   one count of Attempted Murder in the First Degree in
      violation of Haw. Rev. Stat. § 705-500;

(2)   two counts of Kidnaping in violation of Haw. Rev. Stat.
      § 707-720(1)(d) and/or (e);

(3)   two counts of Terroristic Threatening in the First
      Degree by Use of a Firearm in violation of Haw. Rev.
      Stat. § 707-716(1)(d);

(4)   one count of Carrying or Use of a Firearm in the
      Commission of a Separate Felony in violation of Haw.
      Rev. Stat. § 134-6(a);

(5)   one count of Terroristic Threatening in the First
      Degree in violation of Haw. Rev. Stat. § 707-716(1)(d);

(6)   two counts of being a Felon in Possession of a Firearm
      in violation of Haw. Rev. Stat. § 134-7(b); and

(7)   one count of Extortion in the First Degree in violation
      of Haw. Rev. Stat. § 707-765(1)(b).

State v. Elizares, 54 P.3d 946, (Haw. Ct. App. 2002).

On June 28, 2000, Petitioner was sentenced to life
imprisonment without parole as to the conviction for Attempted
Murder and received sentences from 5 years to 20 years
imprisonment for the remaining convictions.  (State Court
Judgment, attached as Ex. W to Resp. Answer, ECF No. 15-26, Civ.
No. 06-00465 HG-BMK).

On September 13, 2002, the Hawaii Intermediate Court of
Appeals affirmed Petitioner's convictions and the Hawaii Supreme
Court subsequently dismissed his application for writ of
certiorari.  State v. Elizares, 54 P.3d 946 (Haw. App. 2002).

On October 19, 2004, the Hawaii Circuit Court denied

Petitioner's Rule 40 Petition seeking post-conviction relief, and was affirmed on appeal.  (Amended Findings and Recommendation in Civ. No. 06-00465 HG-BMK at pp. 7-10, ECF No. 26).

**SECTION 2254 PETITION FILED IN FEDERAL DISTRICT COURT**

Following the proceedings in Hawaii State Courts, on August 28, 2006, Petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2254 with this Court in Civ. No. 06-00465 HG-BMK. (ECF No. 1).

On July 12, 2007, the District Court issued an Order Adopting the Magistrate Judge's Amended Findings and Recommendation, as Supplemented and Modified, to Deny the Petition for Writ of Habeas Corpus.  (ECF No. 33).

**PROCEEDINGS BEFORE THE FEDERAL APPEALS COURTS**

On March 24, 2009, the Ninth Circuit Court of Appeals issued an Order affirming the District Court's denial of his Section 2254 Habeas Petition.  (ECF No. 41).

On July 17, 2009, the Ninth Circuit Court of Appeals issued an Order denying a petition for panel rehearing.  (ECF No. 43).

On November 2, 2009, the United States Supreme Court denied the petition for a writ of certiorari.  (ECF No. 46).

More than six years later, on January 20, 2016, and February 12, 2016, the Ninth Circuit Court of Appeals dismissed additional

appeals filed by Petitioner as duplicative.  (ECF Nos. 49, 55).

On July 1, 2016, the Ninth Circuit Court of Appeals denied Petitioner's motion for reconsideration.  (ECF No. 63).

**PETITIONER'S RULE 60(b) MOTION**

On July 15, 2016, Petitioner filed FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b): MOTION FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING, filed in Civ. No. 16-00580 HG-RLP.  (ECF No. 1).

On August 17, 2016, Peter A. Hanano, Deputy Prosecuting Attorney, County of Maui, State of Hawaii, filed RESPONDENTS' RESPONSE.  (ECF No. 3).

On September 19, 2016, Petitioner filed his REPLY.  (ECF No. 4).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 60(b) provides relief from a judgment or order on the following grounds:

    (1)  mistake, inadvertence, surprise, or excusable neglect;

    (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)  the judgment is void;

    (5)  the judgment has been satisfied, released or

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) applies in Section 2254 habeas corpus proceedings to the extent that the rule is not inconsistent with applicable federal statutory provisions and rules, including ("AEDPA") the Antiterrorism and Effective Death Penalty Act of 1996.  28 U.S.C. § 2244(b).  Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005).

## ANALYSIS

### I.  Timing

Federal Rule of Civil Procedure 60(c)(1) sets forth the timing requirements for a motion filed pursuant to Rule 60(b). Fed. R. Civ. P. 60(c)(1) provides, as follows:

A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

It is not entirely clear from Petitioner's Motion under which section of Rule 60(b) he has filed his Motion.  Rule 60(b)(4) provides relief from a judgment on the basis that it is void.  Petitioner's Motion specifically cites Rule 60(b)(4) but makes a number of arguments that are beyond the scope of his argument that the District Court's prior judgment is void. (Motion at pp. 4-5, ECF No. 1).

5

It appears that Petitioner has filed his Motion pursuant to both Rule 60(b)(4) and Rule 60(b)(6), which allows for a motion based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

**A.  Timing for a Motion Brought Pursuant to Rule 60(b)(4)**

A Motion to set aside a judgment as void under Fed. R. Civ. P. 60(b)(4) may be brought at any time. <u>Million (Far East) Ltd. v. Lincoln Provisions Inc. USA</u>, 581 Fed. Appx. 679, 682 (9th Cir. 2014) (citing <u>Meadows v. Dominican Republic</u>, 817 F.2d 517, 521 (9th Cir. 1987)).

Petitioner's Motion (ECF No. 1) is timely to the extent it seeks to void the District Court's July 12, 2007 order and judgment filed in 06-cv-00465 HG-BMK pursuant to Fed. R. Civ. P. 60(b)(4).

**B.  Timing for a Motion Brought Pursuant to Rule 60(b)(6)**

A party seeking relief from a judgment pursuant to Rule 60(b)(6) must demonstrate that the motion was filed "within a reasonable time" after the entry of judgment. Fed. R. Civ. P. 60(c)(1).

A reasonable time depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of

the grounds relied upon, and prejudice to other parties.  <u>Lemoge v. United States</u>, 587 F.3d 1188, 1196-97 (9th Cir. 2009).

Petitioner's Motion (ECF No. 1) is not timely to the extent it was filed pursuant to Rule 60(b)(6).

The District Court entered its Order and Judgment on July 12, 2007.  (Civ. No. 06-00465 HG-BMK, ECF No. 34).  More than nine years later, on July 15, 2016, Petitioner filed his Rule 60(b) Motion.  Petitioner has not provided a justification for a nine year delay in filing his Motion.  <u>Kingdom v. Lamerque</u>, 392 Fed. Appx. 520, 521 (9th Cir. 2010); <u>Adams v. Hedgpeth</u>, 2014 WL 1795162, *2 (C.D. Cal. Apr. 8, 2014).

## II.  Motion Filed Pursuant to Rule 60(b)(4)

The district court may relieve a party from a final judgment, order, or proceeding if the judgment is void.  Fed. R. Civ. P. 60(b)(4).

A judgment is void only if the court that rendered it lacked subject matter jurisdiction, lacked jurisdiction over the parties, or if the court acted in a manner inconsistent with due process that deprived a party of notice or the opportunity to be heard.  <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 270 (2010).  A judgment is not void merely because it is erroneous.  <u>United States v. Berke</u>, 170 F.3d 882, 883 (9th Cir. 1999).

7

Petitioner's 60(b)(4) Motion makes two arguments.  First, Petitioner argues that the District Court lacked jurisdiction over his Section 2254 Petition because it was a "mixed petition."

Second, Petitioner asserts that the court acted in a manner inconsistent with due process.

### A.    The Court Had Jurisdiction to Rule on Petitioner Elizares' Section 2254 Petition

Petitioner alleges that the Court's July 12, 2007 Order that denied his Section 2254 Petition should have been dismissed as a "mixed petition."  Petitioner is incorrect.

The District Court had jurisdiction to consider the Section 2254 Petition.  Petitioner Elizares' Section 2254 Petition contained seven claims, all of which were exhausted.  The Court ruled that Ground One was "actually exhausted" and Grounds Two through Seven were "technically exhausted."  (July 12, 2007 Order at p. 8, Civ. No. 06-00465 HG-BMK, ECF No. 33).  A Section 2254 petition containing claims that were either actually or technically exhausted is not subject to dismissal as a mixed petition pursuant to Rose v. Lundy, 455 U.S. 509 (1982).  Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016); Souliotes v. Hedgpeth, 2012 WL 3205433, *6 (E.D. Cal. Aug. 2, 2012); White v. Ryan, 2010 WL 1416054, at *12 (D. Ariz. March 16, 2010).

The District Court had jurisdiction to issue its July 12, 2007 Order and Judgment.  Petitioner's Motion seeking to void the

judgment for lack of jurisdiction is **DENIED**.

B.   **Petitioner Was Afforded with Due Process of Law**

The United States Supreme Court has held that a Rule 60(b)(4) Motion strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute.  United Student Aid Funds, Inc., 559 U.S. at 271.

A Rule 60(b)(4) Motion may be brought on the basis that the litigant was deprived of due process and an opportunity to be heard.  Id. at 270.  Due process of law requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.  Id. at 272.

A review of the record establishes that Petitioner received actual notice of the habeas corpus proceeding and was afforded the opportunity to present his objections.  Petitioner actively participated in presenting his case before the Magistrate Judge and the District Court.  In addition to filing his 2254 Petition, Petitioner Elizares filed a Reply and Exhibits in support of his claims as well as Objections to the Magistrate Judge's Findings and Recommendation.  (ECF Nos. 9, 21, 24, 27 in Civ. No. 06-00465 HG-BMK).

Petitioner was not entitled to an evidentiary hearing. Federal review of habeas corpus claims pursuant to Section

2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." Hill v. Gibson, 2016 WL 3361814, *2 (E.D. Cal. June 16, 2016) (citing Cullen v. Pinholster, 563 U.S. 170, 185 (2011)).

Petitioner was properly afforded with due process of law and was not deprived of notice or the opportunity to be heard. Petitioner's Motion seeking to void the judgment for lack of due process is **DENIED.**

## III. Rule 60(b) Motion as a Second or Successive Habeas Petition

Petitioner's Rule 60(b) Motion makes a number of arguments to support a claim that he received ineffective assistance of counsel in his state court trial and appellate proceedings. These arguments are raised in addition to the Rule 60(b)(4) arguments relating to the Court's Order and Judgment being void.

The majority of the ineffective assistance of counsel arguments raised in his Rule 60(b) Motion were addressed in the District Court's adjudication of his Section 2254 Petition. Petitioner's Motion also appears to raise new arguments based on Martinez v. Ryan, 132 S. Ct. 1309 (2012).

A self-styled "Rule 60(b)" Motion that includes new claims or merely attacks the federal court's previous resolution of a claim on the merits is in substance a successive habeas petition. Gonzales, 545 U.S. at 532; Jones v. Ryan, 733 F.3d 825, 833 (9th

10

Cir. 2013); <u>United States v. Washington</u>, 653 F.3d 1057, 1063 (9th Cir. 2011).

Before a district court may entertain a successive Section 2254 petition, the applicant must move in the appropriate court of appeals for an order authorizing its consideration.  28 U.S.C. § 2244(b)(3).  An application for a successive habeas petition may not present a claim that had been presented in a previous application.  28 U.S.C. § 2244(b)(1).

Petitioner's Rule 60(b) Motion contains portions that are disguised as a second or successive habeas petition.  Petitioner has not sought authorization to file a second or successive 22554 Petition.  To the extent Petitioner's Motion is an unauthorized second or successive 22554 Petition, the Motion is **DISMISSED**. <u>Burton v. Stewart</u>, 549 U.S. 147, 152-53 (2007) (per curiam); <u>Armstead v. Sinclair</u>, 2013 WL 6038944, *1-*2 (W.D. Wash. Nov. 13, 2013) (citing <u>United States v. Buenrostro</u>, 638 F.3d 720, 723 (9th Cir. 2013)).

## <u>CONCLUSION</u>

Petitioner Calvin D. Elizares' FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b) MOTION FOR RELIEF FROM A FINAL JUDGMENT, ORDER OR PROCEEDING (ECF No. 1) is **DENIED**.

To the extent Petitioner's Motion (ECF No. 1) is a second or

11

successive Section 2254 habeas petition, the Motion is **DISMISSED**.

IT IS SO ORDERED.

DATED: October 28, 2016, Honolulu, Hawaii.

_____
Helen Gillmor
United States District Judge

Calvin D. Elizares v. Joseph Taylor; Civil No. 16-00580 HG-RLP;
**ORDER DENYING, IN PART, AND DISMISSING, IN PART, PETITIONER
CALVIN D. ELIZARES' FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b)
MOTION FOR RELIEF FROM A FINAL JUDGMENT, ORDER OR PROCEEDING (ECF
No. 1)**