IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| CALVIN D. ELIZARES | ) ) )  Civil No. 16-00580 HG-RLP ) |
| Petitioner, | ) ) |
| vs. | ) ) |
| JOSEPH TAYLOR, | ) ) |
| Respondent. | ) ) ) ) |

**ORDER DENYING PETITIONER CALVIN D. ELIZARES' APPLICATION FOR A CERTIFICATE OF APPEALABILITY (ECF No. 7)**

Petitioner Calvin D. Elizares has filed a request for a Certificate of Appealability.  Petitioner seeks to appeal the Court's October 28, 2016 Order Denying, In Part, and Dismissing, In Part, Petitioner's Federal Rules of Civil Procedure Rule 60(b) Motion for Relief from a Final Judgment, Order or Proceeding.

Petitioner's Application for a Certificate of Appealability (ECF No. 7) is **DENIED**.

**PROCEDURAL HISTORY**

On July 15, 2016, Petitioner Calvin D. Elizares filed a motion entitled FEDERAL RULES OF CIVIL PROCEDURE 60(b): MOTION FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING.  (ECF No. 1).

On October 28, 2016, this Court issued an ORDER DENYING, IN PART, AND DISMISSING, IN PART, PETITIONER CALVIN D. ELIZARES' FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b) MOTION FOR RELIEF FROM A FINAL JUDGMENT, ORDER OR PROCEEDING.  (ECF No. 5).

The Court found that Petitioner's Motion contained both a FEDERAL RULE OF CIVIL PROCEDURE RULE 60(b) Motion and a second or successive habeas petition filed pursuant to 28 U.S.C. § 2254. (Order at p. 11, ECF No. 5).  The Order denied the Rule 60(b) Motion and dismissed the portion of Petitioner's Motion that was an unauthorized second or successive 2254 Petition.  (Id.)

On November 29, 2016, Petitioner filed an APPLICATION FOR A CERTIFICATE OF APPEALABILITY.  (ECF No. 7).

## REQUIREMENT FOR A CERTIFICATE OF APPEALABILITY

### Certificate of Appealability for the Denial of a Rule 60(b) Motion

The United States Supreme Court has declined to decide if a habeas petitioner must obtain a certificate of appealability as a prerequisite to appealing the denial of a Rule 60(b) Motion. Gonzlez v. Crosby, 545 U.S. 524, 535 n.7 (2005).

The Ninth Circuit Court of Appeals has concluded that a certificate of appealability is required if a petitioner seeks review of the denial of a Rule 60(b) Motion relating to underlying habeas corpus proceedings.  United States v. Winkles, 795 F.3d 1134, 1142 (9th Cir. 2015); see West v. Schneiter, 485

2

F.3d 393, 394 (7th Cir. 2007); <u>Langford v. Day</u>, 134 F.3d 1381, 1382 (9th Cir. 1998).

**Certificate of Appealability for the Dismissal of an Unauthorized Second or Successive Habeas Petition**

There is no appeal as of right for state prisoners in habeas corpus proceedings under Section 2254.  28 U.S.C. § 2253(c)(1)(A).  A petitioner challenging "the final order in a habeas corpus proceeding" must obtain a certificate of appealability. <u>Id.</u>; <u>Harbison v. Bell</u>, 556 U.S. 180, 183 (2009).

The phrase "final order in a habeas proceeding" has been interpreted broadly to include proceedings beyond a district court's order denying the petition for habeas corpus itself. <u>Winkles</u>, 795 F.3d at 1139.

Federal appellate courts have held that a certificate of appealability is required to appeal an order dismissing an unauthorized second or successive habeas petition.  <u>Sveum v. Smith</u>, 403 F.3d 447, 448 (7th Cir. 2005) (per curiam); <u>Jones v. Braxton</u>, 392 F.3d 683, 688-89 (4th Cir. 2004).

<u>**ANALYSIS**</u>

**I.   Background**

**A.   Proceedings in Hawaii State Courts**

On April 24, 2000, a jury returned a verdict in Hawaii State Court, finding Petitioner Calvin D. Elizares guilty on a number

3

of counts including Attempted Murder in the First Degree,
Kidnapping, and Terroristic Threatenning in the First Degree.
<u>State v. Elizares</u>, 54 P.3d 946 (Haw. Ct. App. 2002).

On June 28, 2000, Petitioner was sentenced to life
imprisonment without parole as to the conviction for Attempted
Murder and received sentences from 5 years to 20 years
imprisonment for the remaining convictions.  (State Court
Judgment, attached as Ex. W to Resp. Answer, ECF No. 15-26, Civ.
No. 06-00465 HG-BMK).

On September 13, 2002, the Hawaii Intermediate Court of
Appeals affirmed Petitioner's convictions and the Hawaii Supreme
Court subsequently dismissed his application for writ of
certiorari.  <u>State v. Elizares</u>, 54 P.3d 946 (Haw. App. 2002).

On October 19, 2004, the Hawaii Circuit Court denied
Petitioner's Rule 40 Petition seeking post-conviction relief,
which was affirmed on appeal.  (Amended Findings and
Recommendation at pp. 7-10, ECF No. 26, Civ. No. 06-00465 HG-
BMK).

**B.    Petitioner's Section 2254 Filed in Federal District
        Court**

Following the proceedings in Hawaii State Court, on August
28, 2006, Petitioner filed a Petition for Habeas Corpus Pursuant
to 28 U.S.C. § 2254 with this Court in Civ. No. 06-00465 HG-BMK.
(ECF No. 1).

On July 12, 2007, the District Court issued an Order
Adopting the Magistrate Judge's Amended Findings and
Recommendation, as Supplemented and Modified, to Deny the
Petition for Writ of Habeas Corpus.  (ECF No. 33, Civ. No. 06-
00465 HG-BMK).

The District Court found that the Hawaii State Court did not
err in denying Petitioner's motion for a mistrial or new trial.
(Id. at pp. 5-6).

The District Court held that the remaining grounds in
Petitioner's Section 2254 Petition were both exhausted and
procedurally barred.  The District Court found that these grounds
were procedurally barred from review in federal court because
Petitioner did not establish cause to excuse his default in State
Court.  (Id. at pp. 7-9).

The District Court held that Petitioner's ineffective
assistance of counsel claims were without merit.  (Id. at pp. 10-
11).

**C.   Petitioner's Proceedings Before the Ninth Circuit Court
of Appeals**

Following proceedings in District Court, Petitioner sought
review of the denial of his Section 2254 habeas corpus petition
with the Ninth Circuit Court of Appeals.

On March 24, 2009, the Ninth Circuit Court of Appeals issued
an Order affirming the District Court's denial of Petitioner

Elizares' Section 2254 Habeas Petition.  (ECF No. 41, Civ. No. 06-00465 HG-BMK).  The Ninth Circuit Court of Appeals denied Petitioner's request for an evidentiary hearing.  (<u>Id.</u> at p. 2).

On July 17, 2009, the Ninth Circuit Court of Appeals issued an Order denying Petitioner's request for a panel rehearing. (ECF No. 43, Civ. No. 06-00465 HG-BMK).

On November 2, 2009, the United States Supreme Court denied the petition for a writ of certiorari.  (ECF No. 46, Civ. No. 06-00465 HG-BMK).

More than six years later, on January 20, 2016, and February 12, 2016, the Ninth Circuit Court of Appeals dismissed additional appeals filed by Petitioner as duplicative.  (ECF Nos. 49, 55, Civ. No. 06-00465 HG-BMK).

On July 1, 2016, the Ninth Circuit Court of Appeals denied Petitioner's motion for reconsideration of its denial of his duplicative appeals.  (ECF No. 63, in Civ. No. 06-00465 HG-BMK). In its July 1, 2016 order, the Ninth Circuit Court of Appeals stated, as follows:

> To the extent appellant seeks relief under Federal Rule of Civil Procedure 60, such relief must be brought in the district court.

(<u>Id.</u>)

### D.   Petitioner's Federal Rule of Civil Procedure 60 Motion Before the District Court

Following the Ninth Circuit Court of Appeals' July 1, 2016

6

order, Petitioner filed a Motion in District Court on July 15, 2016. (Petitioner's FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b): MOTION FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING, filed in Civ. No. 16-00580 HG-RLP, ECF No. 1).

On October 28, 2016, this Court issued an ORDER DENYING, IN PART, AND DISMISSING, IN PART, PETITIONER CALVIN D. ELIZARES' FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b) MOTION FOR RELIEF FROM A FINAL JUDGMENT, ORDER OR PROCEEDING. (ECF No. 5).

Petitioner Calvin D. Elizares now seeks a certificate of appealability to permit him to file an appeal of the District Court's October 28, 2016 order. Petitioner seeks review of the District Court's Order Denying his Rule 60(b) Motion and Dismissing his Motion to the extent that it is an unauthorized second or successive habeas petition.

## II. A Certificate Of Appealability Arising From The Denial Of Petitioner's Rule 60(b) Motion Is Not Warranted

In <u>United States v. Winkles</u>, 795 F.3d 1134, 1143 (9th Cir. 2015), the Ninth Circuit Court of Appeals set forth the standard governing the issuance of a certificate of appealability arising from the denial of a Rule 60(b) motion. The appeals court held that a certificate of appealability may be issued if the movant shows that:

> (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion; and,

7

(2)   jurists of reason would find it debatable whether the underlying habeas corpus petition states a valid claim of the denial of a constitutional right.

Winkles, 795 F.3d at 1143 (adopting the test set forth by the Second Circuit Court of Appeals in Kellogg v. Strack, 269 F.3d 100, 103 (2d Cir. 2001) (per curiam)).

## A.   Petitioner's Motion Filed Pursuant to Rule 60(b)(4) Was Without Merit

Petitioner's July 15, 2016 Motion sought to void the District Court's Judgment entered on July 12, 2007 pursuant to Fed. R. Civ. P. 60(b)(4).

A Motion to set aside a judgment as void under Fed. R. Civ. P. 60(b)(4) may be brought at any time.  Million (Far East) Ltd. v. Lincoln Provisions Inc. USA, 581 Fed. Appx. 679, 682 (9th Cir. 2014) (citing Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987)).

Petitioner's Rule 60(b)(4) Motion argued that the District Court's order denying his Section 2254 Petition was void on two bases.

First, Petitioner argued that the District Court lacked subject matter jurisdiction over his Section 2254 Petition because it was a "mixed" petition.

Second, Petitioner argued that the District Court's judgment was void because he was deprived of due process of law.

1. **The District Court Had Subject Matter Jurisdiction Over Petitioner's August 28, 2006 Section 2254 Petition**

The District Court rejected Petitioner's argument that his petition was "mixed." The District Court had jurisdiction over Petitioner's Section 2254 Petition. All of Petitioner's Section 2254 claims were exhausted or procedurally barred.

A certificate of appealability on this issue is not warranted. Reasonable jurists would agree that the District Court had jurisdiction to consider the Section 2254 Petition that contained only exhausted claims.

2. **Petitioner Was Afforded Due Process in the Consideration of His August 28, 2006 Section 2254 Petition**

A certificate of appealability is not warranted as to Petitioner's due process argument. Reasonable jurists would agree that the record demonstrates that Petitioner was afforded due process in the handling of his August 28, 2006 Section 2254 Petition. He received actual notice of the habeas corpus proceeding and was afforded the opportunity to present his objections. Petitioner actively participated in presenting his case before the Magistrate Judge and the District Court.

No reasonable jurists would find debatable the underlying merits of Petitioner's Motion filed pursuant to Rule 60(b)(4).

There is no reasonably debatable issue regarding the denial of Petitioner's Rule 60(b) Motion.

### B.   Petitioner's Rule 60(b) Motion Was Untimely

Petitioner's July 15, 2016 Rule 60(b) Motion sought reconsideration of the District Court's July 12, 2007 Judgment on other bases.  The District Court denied reconsideration of these additional arguments because they were untimely pursuant to Fed. R. Civ. P. 60(b)(6).

Petitioner's request for a certificate of appealability does not seek to appeal the District Court's finding that his July 15, 2016 Motion was untimely pursuant to Rule 60(b)(6).  (Request for a Certificate of Appealability, ECF No. 7).  Petitioner only seeks to appeal the District Court's denial of his July 15, 2016 Motion pursuant to Rule 60(b)(4).

Even if Petitioner sought review of the District Court's untimeliness finding, a certificate of appealability is not warranted.  Petitioner's July 15, 2016 Motion was filed more than nine years after the federal District Court entered Judgment on July 12, 2007.  (Civ. No. 06-00465 HG-BMK, ECF No. 34).  Petitioner does not provide any explanation for the nine year delay in filing his Motion.  Fed. R. Civ. P. 60(c)(1); Lemoge v. United States, 587 F.3d 1188, 1196-97 (9th Cir. 2009).

## III. A Certificate of Appealability Arising From The Dismissal of Petitioner's Second Or Successive Habeas Petition Is Not Warranted

Petitioner's July 15, 2016 Rule 60(b) Motion attempted to present new habeas claims regarding ineffective assistance of counsel pursuant to <u>Martinez v. Ryan</u>.  Petitioner's Motion also attempted to restate his previous Section 2254 claims that were denied by the District Court in the July 12, 2007 Order and affirmed by the Ninth Circuit Court of Appeals.  These portions of Petitioner's Motion were an attempt to file a second or successive habeas petition without seeking approval from the Ninth Circuit Court of Appeals.

A certificate of appealability arising from the denial of Petitioner's unauthorized second or successive Section 2254 petition may be issued if reasonable jurists would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483 (2000); <u>Jones</u>, 392 F.3d at 689.

A self-styled "Rule 60(b)" Motion that includes new claims or merely attacks the federal court's previous resolution of a claim on the merits is in substance a successive habeas petition. <u>Gonzales</u>, 545 U.S. at 532; <u>Jones v. Ryan</u>, 733 F.3d 825, 833 (9th Cir. 2013); <u>United States v. Washington</u>, 653 F.3d 1057, 1063 (9th Cir. 2011).

It is beyond dispute that an applicant must move in the appropriate court of appeals before a district court may entertain a second or successive Section 2254 Petition.  28 U.S.C. § 2244(b)(3).

Petitioner has not made a substantial showing that the District Court erred in its procedural ruling.  <u>Slack</u>, 529 U.S. at 483.  Reasonable jurists would agree that Petitioner's self-styled "Rule 60(b) Motion" contained both new habeas arguments and repeated previously denied habeas claims, in an attempt to file an unauthorized second or successive habeas petition.

Petitioner's Application for a Certificate of Appealability is **DENIED**.  None of the arguments in Petitioner's Motion deserve encouragement to proceed further.  <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983).

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION

Petitioner Calvin D. Elizares' Application for a Certificate of Appealability (ECF No. 7) is **DENIED**.


IT IS SO ORDERED.

DATED: December 15, 2016, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

Calvin D. Elizares v. Joseph Taylor; Civil No. 16-00580 HG-RLP;
**ORDER DENYING PETITIONER CALVIN D. ELIZARES' APPLICATION FOR A CERTIFICATE OF APPEALABILITY (ECF No. 7)**

13